OPINION
{¶ 1} Relator-appellant, Gregory Rosile, appeals the decision of the Mahoning County Common Pleas Court granting summary judgment in favor of respondent-appellee, City of Campbell.
 {¶ 2} Appellant is a full-time firefighter with the Campbell Fire Department. In 1996, the then mayor of Campbell removed Roy Stanfar (Stanfar) as fire chief and appointed David Horvath (Horvath). Stanfar appealed his removal to the Campbell Civil Service Commission which ruled that his removal was contrary to applicable provisions of the Ohio Revised Code. Campbell appealed the commission's decision to this Court and we affirmed. Stanfar and Campbell subsequently entered into a settlement agreement under separate litigation in which Stanfar agreed to retire retroactive to a certain date and Horvath would remain as chief.
 {¶ 3} Richard Chuey (Chuey), Nick Hrelec (Hrelec), and James Litwin (Litwin) sued Campbell concerning their rank within the fire department. State ex rel. Hrelec v. City of Campbell,
Mahoning C.P. No. 97 CV 936. They sought an order giving them the rank of "captain" based upon their working as "acting captains" for a number of years. The Mahoning County Common Pleas Court granted them the requested relief and promoted them to "captain" without testing. Although not a party to that litigation, Horvath, who had held the status of "acting captain" for more than two years, was also appointed "captain," although at the time he held the position of chief, from which he was subsequently removed.
 {¶ 4} In that same case, Hrelec challenged the appointment of Horvath to chief pursuant to the settlement agreement reached between Campbell and Stanfar. A magistrate determined that Horvath's appointment was unlawful, but the trial court judge disagreed and reversed the magistrate's decision. We in turn reversed the trial court judge's decision and reinstated that of the magistrate's. State ex rel. Hrelec v. City of Campbell
(2001), 146 Ohio App.3d 112, 765 N.E.2d 402.
 {¶ 5} With the position of chief vacant, promotional testing was scheduled. However, since the parties were unsure of when the chief's position was deemed vacant, a question arose as to who was eligible to take the promotional test. Specifically, Eugene Skelley (Skelley) had been promoted to captain in 1997. If the chief's position was deemed vacant on the date of the magistrate's decision, then Skelley would have been ineligible to test for the chief's position. If the position was deemed vacant by the date of the decision in State ex rel. Hrelec v. City ofCampbell (2001), 146 Ohio App.3d 112, 765 N.E.2d 402, then Skelley would be eligible.
 {¶ 6} In December 2001, Hrelec filed a mandamus action in this Court seeking a determination of the eligibility for the chief's position. We determined that the effective date of the vacancy was the date of the magistrate's decision and, thus, Skelley was deemed eligible. State ex rel. Hrelec v. Campbell,
7th Dist. No. 01-CA2-26, 2003-Ohio-4111.
 {¶ 7} Rosile was also a party to the mandamus action filed by Hrelec and filed a cross-claim. His cross-claim was also a mandamus action seeking to compel Campbell to appoint him to the position of captain. We dismissed his cross-claim noting that Rosile had filed a similar complaint in quo warranto in the Ohio Supreme Court and that it had been dismissed. See State ex rel.Rosile v. Skelley (1997), 80 Ohio St.3d 1463, 687 N.E.2d 294, reconsideration denied (1998), 81 Ohio St.3d 1433, 689 N.E.2d 52. We also noted that Rosile's cross-claim was also the subject of the instant lawsuit, Rosile v. City of Campbell, Mahoning C.P. No. 01-CV-3164.
 {¶ 8} Turning to the background of the underlying case that is the subject of the present appeal (i.e., Rosile v. City ofCampbell, Mahoning C.P. No. 01-CV-3164), on January 15, 1997, Campbell passed Ordinance 96-9019 which created an additional and fourth captain position. As noted earlier, Chuey, Hrelec, Litwin, and Horvath, were appointed to the position of captain by virtue of a court order in State ex rel. Hrelec v. City of Campbell,
Mahoning C.P. No. 97 CV 936, and Horvath was subsequently removed as chief.
 {¶ 9} Notice for promotional testing for the new fourth captain position was posted on May 8, 1997. The final results of scoring left Rosile ranked number one and Skelley ranked number two. Pursuant to civil service commission rules, both Rosile and Skelley were certified to the mayor for consideration. The mayor appointed Skelley to captain.[1]
 {¶ 10} Then, in September 1997, Rosile filed the aforementioned complaint in quo warranto in the Ohio Supreme Court. Rosile sought removal of Skelley from the new captain's position and his own appointment to that position. The Court dismissed Rosile's complaint upon motion and without opinion,State ex rel. Rosile v. Skelley (1997), 80 Ohio St.3d 1463,687 N.E.2d 294, reconsideration denied (1998), 81 Ohio St.3d 1433,689 N.E.2d 52, and Skelley has retained that captain's position without interruption.
 {¶ 11} On April 7, 1999, Campbell passed Ordinance 99-9183 eliminating one captain's position by attrition, leaving only three captain positions. Litwin retired on June 19, 1999, and, consequently, the fourth captain position ceased to exist. With our decision in State ex rel. Hrelec v. City of Campbell
(2001), 146 Ohio App.3d 112, 765 N.E.2d 402, upholding the decision of the magistrate declaring Horvath's appointment to chief improper, the remaining captain positions were held by Chuey, Horvath, Hrelec, and Skelley, with one (either Horvath or Hrelec) holding the position of acting fire chief. After subsequent promotional testing for the position of permanent fire chief, Hrelec was appointed chief and Chuey, Horvath, and Skelley held the remaining captain positions.
 {¶ 12} On November 27, 2001, Rosile filed a complaint in the Mahoning County Common Pleas Court alleging that Campbell was in contempt for violating previous court orders in State ex rel.Hrelec v. City of Campbell, Mahoning C.P. No. 97 CV 936, by refusing to appoint him to the position of captain. He also sought a court order compelling Campbell to appoint him to the position of captain retroactive to September 5, 1997, and to grant him economic damages in the form of back pay. Campbell moved for summary judgment and the trial court granted it on January 20, 2005. This appeal followed.
 {¶ 13} Initially, it should be noted that Campbell has not filed an appellate brief in this matter. Accordingly, pursuant to App.R. 18, this Court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
 {¶ 14} Also, the state of Rosile's brief, filed by an attorney, should be noted. App.R. 16(A) provides:
 {¶ 15} "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
 {¶ 16} "(1) A table of contents, with page references.
 {¶ 17} "(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
 {¶ 18} "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 {¶ 19} "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
 {¶ 20} "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.
 {¶ 21} "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
 {¶ 22} "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
 {¶ 23} "(8) A conclusion briefly stating the precise relief sought."
 {¶ 24} Rosile's brief does not comply with the requirements of divisions (A)(1), (2), (3), and (4), and reaches only minimal compliance with the remaining requirements.
 {¶ 25} The essence of Rosile's sole assignment of error is that the trial court erred in granting summary judgment in favor of Campbell. Specifically, Rosile argues that Campbell could not eliminate the fourth captain position because of prior court orders issued in State ex rel. Hrelec v. City of Campbell,
Mahoning C.P. No. 97 CV 936.
 {¶ 26} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Bonacorsi v. Wheeling Lake Erie Ry. Co., 95 Ohio St.3d 314, 2002-Ohio-2220,767 N.E.2d 707, at ¶ 24. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co.
(1976), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56(C).
 {¶ 27} Rosile's argument lack's any merit. State ex rel.Hrelec v. City of Campbell, Mahoning C.P. No. 97 CV 936, involved multiple causes of action in a basic attempt to determine the rank of certain firefighters within the department. Concerning the captain positions, the court appointed three "acting captains" to "captain" and ordered promotional testing for the then existent fourth captain position. Promotional testing for the fourth captain position was conducted and the final results of scoring left Rosile ranked number one and Skelley ranked number two. Pursuant to civil service commission rules, both Rosile and Skelley were certified to the mayor for consideration. The mayor appointed Skelley to captain.
 {¶ 28} On April 7, 1999, one rank position of captain within the fire department was abolished by attrition with the passage of Ordinance 99-9183. This removed the fourth captain position that had been created by Ordinance 96-9019 and left the fire department with three captain positions. With the retirement of Litwin on June 19, 1999, that captain's position ceased to exist.
 {¶ 29} The trial court did not create the fourth captain position. That position existed only by virtue of Ordinance 96-9019, not by virtue of the court's orders in that litigation. The court orders that Rosile relies on simply instructed Campbell to fill the fourth captain position in accordance with the civil service commission laws set forth in the Ohio Revised Code. As described above, the city complied. Ordinance 999-183, that later eliminated the fourth captain position, in no way contravenes or is violative of the court's orders in that case.
 {¶ 30} Additionally, Rosile has not challenged the validity or constitutionality of Ordinance 99-9183. Laws are entitled to a strong presumption of constitutionality, and any party challenging the constitutionality of a law bears the burden of proving that the law is unconstitutional beyond a reasonable doubt. (Internal quotation and citation omitted.) Buckley v.Wilkins, 105 Ohio St.3d 350, 2005-Ohio-2166, 826 N.E.2d 811, at ¶ 18. Neither in the filings below or now on appeal before this Court does Rosile make any attempt to attack the constitutionality of Ordinance 99-9183 and, therefore, it is presumed constitutional.
 {¶ 31} In sum, the trial court properly entered summary judgment in Campbell's favor. After construing the evidence most strongly in Rosile's favor, there remains no genuine issue as to any material fact concerning whether Rosile is entitled to an appointment to a captain position that no longer even exists. Campbell was entitled to judgment on Rosile's complaint as a matter of law, and reasonable minds could come to but one conclusion, and that conclusion was adverse to Rosile.
 {¶ 32} Accordingly, Rosile's sole assignment of error is without merit.
 {¶ 33} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.
[1] {¶ a} Rosile seems to be under the impression that since he received the highest score on the 1997 promotional examination, he is, by that reason alone, automatically entitled to an appointment to the position of captain. However, the Campbell City Charter, Section 4.11, seems to indicate otherwise. It states, in relevant part:
{¶ b} "All Civil Service examinations for appointment or promotion shall be prepared, administered, graded, and the results certified by a university within the State of Ohio, a professional examiner or a professional testing agency. No more than two persons shall be certified as eligible for a single appointment or promotion. No more than two persons more than the number to be appointed or promoted shall be certified if two or more appointments or promotions are to be made at one time. The Mayor shall name the appointments or promotions from the certified eligibility lists.
{¶ c} "Only full time police and fire personnel and other full time City employees designated by Council shall be covered by Civil Service provisions, except as otherwise specified in this Charter."